(87 App. Div. 240.)

## In re ROSE.

(Supreme Court, Appellate Division, First Department.   November 6, 1903.)

1. SUPPLEMENTARY PROCEEDINGS—VENUE—DEBTOR'S RESIDENCE.

A judgment debtor, who had lodgings in the city of New York, which he hired from month to month, and which he had occupied for three or four years, though his permanent residence was in another county, was a resident in New York City, within Code Civ. Proc. § 2458, providing that, to sustain the issue of an order in supplementary proceedings, an execution must have been issued to the sheriff of the county where the judgment debtor resides.

Appeal from Special Term, New York County.

Supplementary proceedings by Heloise D. Rose, a judgment creditor, for the examination of William W. Durant. From an order vacating the order for examination, the applicant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, and INGRAHAM, JJ.

H. W. Hardon, for appellant.
H. W. Simpson, for respondent.

PATTERSON, J.   Heloise Durant Rose, a judgment creditor of William W. Durant, procured an order for the examination of the judgment debtor in supplementary proceedings upon an affidavit setting forth that he was a resident of the city and county of New York, and had a place for the regular transaction of business in the county of New York.   Thereupon the judgment debtor moved to vacate the order upon affidavits tending to show that his residence was in Hamilton county, in the state of New York, and that he had no place of business in the county of New York.   The motion to vacate the order was granted, and from the order entered thereupon the judgment creditor appeals.

In reply to the affidavits presented by the judgment debtor, it was made to appear that he had lodgings in the city of New York; that he occupied those lodgings from time to time, and hired them by the month.   It has been held that the residence of a judgment debtor, contemplated by section 2458 of the Code of Civil Procedure, is not necessarily his permanent residence, and that, where he has a permanent residence and also a summer residence, an execution issued to the sheriff of the county in which the debtor has his summer residence, returned unsatisfied, is sufficient to sustain an order for an examination in supplementary proceedings.   Matter of Rowland, 21 App. Div. 172, 47 N. Y. Supp. 493, affirmed in 154 N. Y. 777, 49 N. E. 1104.   Here it is shown that the judgment debtor, while his permanent residence may have been in Hamilton county, had a residence in the city of New York; that he hired lodgings from month to month, and that he occupied such lodgings, and had had them for three or four years.   We think there was enough shown to sustain the order for his examination.

The order vacating the order for the examination of the judgment debtor should be reversed, with $10 costs and disbursements, and the

motion to vacate denied, with $10 costs, and he should be required to attend, under the order for his examination, at a date to be fixed. All concur.

## DICKER v. COHEN.

(Supreme Court, Appellate Term. June 22, 1903.)

Dissenting opinion. For majority opinion, see 84 N. Y. Supp. 189.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

MacLEAN, J. The defendants, "insurance adjusters," undertook to obtain payment of a fire loss incurred by the brother-in-law and assignor of the plaintiff, who was brought to the Cohens by one Feingold, an insurance agent. Some arrangement of employment was made. Dicker asserts with positiveness and circumstance that the compensation was to be 10 per cent. The defendants say that it was to be 50 per cent., and, having collected $300, they gave him $150. The trial justice believed the plaintiff's story, and rendered judgment for $100, striking something for some items, thus leaving the plaintiff $20 less than his demand, which was for the difference between 10 per cent. and 50 per cent. on $300. The learned justice had enough before him to sustain his determination and the judgment. Besides its own coherent plausibility, plaintiff's story was strongly corroborated by the defendants. One of them testified that the ordinary commission for collection was 5 per cent. to 10 per cent. In the agreement for compensation, signed in a struggling way by the plaintiff, the figures "50" are crowded together on the printed form in a manner suggesting that the "o" was added. Admittedly collecting but $300, the Cohens, as if forefending trouble, had Dicker sign a receipt for the full $300. They then drew a check for $150, had Dicker indorse it, then erased the drawer's signature, and gave him $150 in money. It is not necessary to go far afield from the record for evidence of turpitude and tergiversation. Besides all, the defendants had in court Feingold, who brought in Dicker, and who was very like their agent on their showing. Dicker says they told him he was their agent, and that what he said was as good as what they said, and that he was the persuading factor, was participant in much of the whole business, and was in court; and they did not call Feingold.

The judgment should be affirmed, with costs. All concur.

(87 App. Div. 284.)

PEOPLE ex rel. DELAWARE & H. CO. v. WELLS, President, et al.

(Supreme Court, Appellate Division, First Department. November 6, 1903.)

1. TAXATION—ASSESSMENT—CERTIORARI—FINAL ORDER.

Tax Law, § 253 (Laws 1896, p. 883, c. 908), provides that, if it appear on the return to a writ of certiorari to review an assessment of taxes that the assessment complained of is illegal or erroneous and unequal for any of the reasons alleged in the petition, the court may order such assessment, if illegal, to be stricken from the roll, or, if erroneous or unequal, it may order a reassessment of the property of the petitioner, or the correction of his assessment upon the roll in whole or in part. *Held,*